

**SO ORDERED.**

**SIGNED this 13 day of June, 2008.**

_____
A. Thomas Small
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| **IN RE:** | **CASE NO.** |
| **STEVEN REID SINGLETARY**<br>**SUZANNE LOPES SINGLETARY** | **08-00123-8-ATS** |
| **DEBTORS** | |

**ORDER REGARDING JOINT MOTION FOR DECLARATORY JUDGMENT
AND OBJECTION TO EXEMPTIONS**

The matters before the court are the joint motion filed by the chapter 7 trustee and the chapter 7 debtors for a declaratory judgment to determine the validity of a trust agreement, and the trustee's objection to the debtors' exemptions. A hearing took place in Raleigh, North Carolina on May 7, 2008.

The facts of this case are most unfortunate. Steven Reid Singletary and Suzanne Lopes Singletary filed a joint petition for relief under chapter 7 of the Bankruptcy Code in the morning of January 8, 2008, and Richard D. Sparkman was appointed trustee. Mrs. Singletary passed away later that day. Mrs. Singletary owned a life insurance policy that originally designated her husband, Mr. Singletary, as the beneficiary. Shortly before filing the petition, however, on December 4, 2007, Mrs. Singletary signed a Trust Agreement Creating a Spendthrift and Discretionary Trust,

designating the Trust as the beneficiary of her life insurance policy. The beneficiaries of the Trust are, first, Mr. Singletary, followed by the debtors' minor daughter.

The trustee challenges the validity of the Trust and maintains that the Trust was executed with the actual intent to defraud creditors and is avoidable pursuant to 11 U.S.C. §§ 541 and 548. The trustee also maintains that Mrs. Singletary's exemption of the life insurance policy should not be allowed. The parties jointly seek the court's determination of the validity of the agreement and whether the creation of the Trust constitutes an avoidable transfer.

North Carolina General Statutes §§ 36C-4-401.1 and 36C-5-501 set forth the requirements for establishing a spendthrift trust, and the Trust meets those statutory requirements. The trustee raised the question whether the Trust violates the Rule Against Perpetuities, but the court is satisfied that because the Trust does not extend beyond the lives of two named beneficiaries, it does not violate that Rule. Accordingly, the Trust is a valid spendthrift trust.

The trustee also maintains that because he is the chapter 7 trustee for both the beneficiary of the Trust (Mr. Singletary) and the settlor of the Trust (Mrs. Singletary), he has the authority to terminate the Trust pursuant to North Carolina General Statutes § 36C-4-411. The primary problem with this argument is that Mrs. Singletary exempted her interest in the life insurance policy: her interest in the policy is the right to determine the beneficiary, and because that interest is not property of the estate, the trustee would have no authority to re-designate Mr. Singletary as the beneficiary of the policy. Similarly, the Trust itself is not property of the estate, so the trustee does not step into the shoes of the settlor or the beneficiary. Finally, § 36C-4-411 requires the consent of all the beneficiaries of the Trust or the adequate protection of the interest of any non-consenting

beneficiary, and the trustee does not step into the shoes of the second beneficiary, the Singletarys' minor daughter. Thus, the trustee does not have the authority to terminate the Trust.

Having determined that the Trust is a valid spendthrift trust and that the trustee cannot terminate the trust, the court turns to whether the creation of the Trust and consequent change in beneficiaries of the life insurance policy constitutes an avoidable transfer. Section 548(a)(1)(A) provides, in relevant part, that

> The trustee may avoid any transfer . . . of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily –
> (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted[.]

11 U.S.C. § 548(a)(1)(A).

The trustee maintains that because Mrs. Singletary knew that her death was imminent and knew that the proceeds of her life insurance policy would become property of Mr. Singletary's bankruptcy estate should she die within the first 180 days after the bankruptcy petition, the choice to designate a new beneficiary was made with the intent to hinder, delay and defraud creditors. The trustee further contends that because Mr. Singletary was also aware that the insurance proceeds would become property of his estate, his participation in the creation of the Trust was also with the actual intent to defraud creditors.

The first question is whether either debtor transferred "an interest of the debtor." Mrs. Singletary's interest was the right to designate the beneficiary. The right to designate the beneficiary was not transferred. Mrs. Singletary had no interest in the proceeds of the policy. Thus, Mrs. Singletary did not transfer an interest of the debtor in property. As the original beneficiary, Mr.

Singletary had no interest in the insurance policy, see Barber v. Woodmen of the World Life Ins. Society, 88 N.C. App. 666, 673, 364 S.E.2d 715, 719 (1988) ("[w]here a contract provides for a change in beneficiaries, the rights of the designated beneficiary do not vest until the death of the insured") (citation omitted), and thus the change in beneficiary did not transfer an interest belonging to Mr. Singletary, either.

Significantly, because Mrs. Singletary never had an interest in the proceeds of the insurance policy, her creditors had no expectation of being paid from the proceeds of that policy. Similarly, because Mrs. Singletary had the right to change the beneficiary of her life insurance policy at any time, Mr. Singletary's creditors could not expect to be paid from the proceeds of Mrs. Singletary's life insurance policy. Thus, while the change in beneficiaries may have had the effect of putting the proceeds out of the reach of Mr. Singletary's creditors, there was no transfer of a vested interest in those funds.

Based on the foregoing, the court concludes that the Trust is a valid spendthrift trust, that there was no avoidable transfer under § 548, and that the debtors' exemptions will be allowed.

**SO ORDERED**.

**END OF DOCUMENT**